UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SAMUEL DICKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-cv-3144 |
| | ) |
| DURANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Sangamon County Jail ("Jail"), brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for deliberate indifference to a serious medical need. (Doc. 1). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A and a ruling on Plaintiff's Motion to Request Counsel and Motion for Preliminary Injunction and Temporary Restraining Order. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### Allegations

Plaintiff filed suit against Defendants Dr. Durant, Nurse Practitioner Mary Damonbacher, Sangamon County Sheriff Jack Campbell, and Advanced Correctional Healthcare. Plaintiff alleges

that he is diabetic and requires insulin injections. Before being detained at the Jail on April 30, 2022, Plaintiff had been using fast and slow acting insulin to control his glucose levels. At some point during his detention, doctors and medical staff discontinued the slow acting insulin and only prescribed the fast acting insulin, which caused Plaintiff's glucose levels to "become out of control." (Doc. 1 at 5). Plaintiff alleges that he had to inject extremely large amounts of fast acting insulin to lower his glucose levels. As a result, Plaintiff alleges he has constant pain in his kidneys and throat, swelling, and frequent respiratory and genital infections.

Plaintiff alleges that Defendants Durant and Damonbacher were aware of his chronic infections because he submitted numerous sick call requests. Plaintiff claims he was not provided treatment for his infections. Plaintiff filed seven grievances, which he claims made Defendant Campbell aware of his untreated infections. Plaintiff also states that his nephew and friend contacted Defendant Campbell, the Jail Administration, and medical staff.

On March 12, 2023, Plaintiff saw Defendant Damonbacher at the Chronic Clinic and made her aware of his pain, swelling, and infections. Defendant allegedly pulled out a list of items Plaintiff purchased from the commissary and said, "Maybe if I restrict all items with sugar and carbs you won't have the fucking problems you have buddy boy." *Id.* at 6. After Plaintiff demanded both fast and slow acting insulin, Defendant Damonbacher reluctantly refilled the prescription.

On April 1, 2023, Plaintiff states that he was prohibited from purchasing items with sugar and carbs from the commissary, even though all other diabetic detainees are allowed to buy these items. Plaintiff filed grievances to notify the Jail and medical staff that Defendant Damonbacher is discriminating against him and punishing him for demanding fast and slow acting insulin.

## Analysis

As a pre-trial detainee, Plaintiff's claim for constitutionally inadequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). Plaintiff must show that Defendants acted "purposefully, knowingly, or recklessly" and that the medical treatment was "objectively unreasonable." *Turner v. Paul*, 953 F.3d 1011, 1015 (7th Cir. 2020); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided medical care and to gauge objectively - without regard to any subjective belief held by the individual - whether the response was reasonable." *McCann v. Ogle Cnty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by prescribing only fast acting insulin rather than a combination of fast and slow acting insulin to treat his diabetes. As a result, Plaintiff claims that he developed pain in his kidneys and throat, swelling, and frequent genital and respiratory infections, which Defendants allegedly failed to treat. Plaintiff argues that Defendants Durant and Damonbacher were aware of his untreated infections because he submitted numerous sick call requests, but Plaintiff does not allege that Defendants were responsible for reviewing sick call requests and scheduling appointments. "[T]o be liable under § 1983, the individual defendant must have 'caused or participated in a constitutional deprivation.'" *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). As this is Plaintiff's sole allegation against Defendant Durant, he is DISMISSED.

When Plaintiff did not receive a response to his sick call requests, he submitted several grievances and asked his nephew and friend to contact Defendant Campbell. As a result, Plaintiff

claims that Defendant Campbell was aware of his serious medical needs. Defendant Campbell is not liable based on his involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). Because there is no *respondeat superior* liability under § 1983, Defendant Campbell is not liable based solely on his supervisory position. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). If officials are named, they must be named in their individual capacities, and Plaintiff must allege that the officials personally participated in the deprivation or were deliberately reckless as to the misconduct of subordinates or were aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff has made no showing that Defendant Campbell was personally involved or had knowledge of the alleged constitutional violations. *See Palmer*, 327 F.3d at 593-94 (holding sheriff not subject to individual liability where he had no knowledge or personal involvement in actions leading to alleged constitutional violation); *Castaldo v. Dart*, No. 09 C 3751, 2011 WL 5118824, at *6 (N.D. Ill. Oct. 26, 2011) (holding sheriff not personally liable where plaintiff failed to demonstrate sheriff was involved in medical treatment or was even aware of plaintiff's medical issues). Defendant Campbell is DISMISSED.

During an appointment on March 12, 2023, Plaintiff informed Defendant Damonbacher that medical staff discontinued the slow acting insulin and gave him only fast acting insulin, which caused his glucose levels to fluctuate. He also informed Defendant Damonbacher that he was experiencing pain in his kidneys and throat, swelling, and chronic respiratory and genital infections. Defendant Damonbacher renewed his prescription for both fast and slow acting insulin and advised Plaintiff not to consume foods containing sugar and carbs from the commissary.

Plaintiff does not allege that Defendant Damonbacher denied treatment for pain or failed to treat infections on March 12, 2023.

Plaintiff also claims that Defendant Damonbacher restricted his access to items containing sugar and carbs at the commissary to punish him for demanding fast and slow acting insulin. Plaintiff does not have a federal constitutional right to purchase items (food or non-food) from a commissary. *Brown v. Gulash*, No. CIV. 07-CV-370-JPG, 2009 WL 2144592, at *5 (S.D. Ill. July 16, 2009); *see also Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("we know of no constitutional right of access to a prison gift or snack shop"). As currently pled, Plaintiff's allegations are insufficient to state a claim for deliberate indifference. Defendant Damonbacher is DISMISSED.

Finally, Plaintiff named Advanced Correctional Healthcare ("ACH") as a Defendant, but he did not include any allegations regarding ACH in the body of his Complaint. Therefore, Defendant ACH is DISMISSED.

**Motion to Request Counsel (Doc. 4)**

Plaintiff files a Motion to Request Counsel asking the Court to appoint pro bono counsel to represent him. (Doc. 4). The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that it is a fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court).

In determining whether the Court should attempt to find a volunteer attorney, the question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty. *Pruitt*, 503 F.3d at 655. This includes the tasks that normally attend litigation, such as

evidence gathering, preparing and responding to motions and other court filings, and trial. *Id.* Relevant factors as to competency include, but are not limited to, a plaintiff's literacy, education, litigation experience, communication skills, psychological history, intellectual capacity, physical and mental health, and ability to conduct discovery. *Bracey v. Grondin*, 712 F.3d 1012, 1020 n. 3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Although Plaintiff only completed the eighth grade and is mentally handicapped under the ADA, his deliberate indifference claim is not complex and involves issues of which he has direct, personal knowledge. Plaintiff's Complaint and Motion for Preliminary Injunction were well-written and supported by legal citations. As a result, the Court finds that Plaintiff appears competent to litigate the case himself, especially at this early stage of the litigation. Plaintiff's Motion to Request Counsel is DENIED.

**Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 5)**

On April 17, 2023, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 requesting an order directing medical staff at the Jail to provide certain treatment. (Doc. 5). Plaintiff alleges that Defendants are not providing medical treatment for his constant infections. *Id.* at 2. He also alleges that Defendants are "currently causing irreparable damage to [his] body" in retaliation for filing other lawsuits in federal court (Case No. 22-cv-3184) and the Illinois Court of Claims (Case No. 23-cc-3662). Plaintiff argues that he will die if his Motion is not granted. Plaintiff does not provide any information regarding his "constant infections" or describe how Defendants are allegedly causing

irreparable damage. Moreover, as alleged in his Complaint, Defendant Damonbacher renewed Plaintiff's prescription for fast and slow acting insulin on March 12, 2023.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act ("PLRA") limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *Am. Hosp. Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh

Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Id*. (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

As currently pled, Plaintiff's allegations are insufficient to warrant a preliminary injunction. *See Harper v. Santos*, 847 F.3d 923, 928 (7th Cir. 2017) (prisoner is not entitled to dictate medical treatment). Based on the dismissal of his Complaint, Plaintiff has failed to demonstrate a likelihood of success on the merits. *See Foodcomm Int'l*, 328 F.3d at 303. Therefore, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is DENIED.

To ensure that Jail officials are aware of Plaintiff's allegedly untreated infections and to mitigate any issues concerning his access to medical treatment and insulin, the Court will direct the Clerk to send a copy of this Order to Sheriff Campbell.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have an opportunity to file an amended complaint within 30 days from the entry of this Order. Plaintiff's amended complaint will replace Plaintiff's complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2) Plaintiff's Motion to Request Counsel [4] is DENIED.

3) Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [5] is DENIED.

4)  The Clerk is DIRECTED to send a copy of this Order to Sangamon County Sheriff Jack Campbell.

ENTERED:    4/20/2023

                                                    s/ Michael M. Mihm
                                                    Michael M. Mihm
                                                    U.S. District Court Judge